UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PB& J SOFTWARE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV691 CDP |
| | ) |
| BACKUP AGENT B.V., | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff PB & J Software brought this patent infringement suit against defendant BackupAgent, which now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) or for a more definite statement. For the reasons stated below, plaintiff's complaint is dismissed with leave to amend.

According to the complaint, plaintiff is the assignee of and owns all the right, title, and interest in and has standing to sue for infringement of United States Patent 7,356,535. Plaintiff asserts that the defendant is infringing, inducing others to infringe, and/or contributorily infringing at least one claim of the patent. Such infringing activities by defendant allegedly include, but are not limited to, making, using, importing, selling and/or offering products and services. The infringing activities allegedly include, but are not limited to, offering services and licensing software implementing what defendant identifies as "seed loading." Plaintiff

alleges that the defendant's actions constitute infringement of at least one claim of the patent in violation of 35 U.S.C. §§ 271, 281–85.  In addition, plaintiff claims willful infringement because defendant has allegedly infringed the patent with knowledge.  Plaintiff alleges that the defendant has derived substantial revenue from its infringement and that defendant is causing irreparable harm and monetary damage to plaintiff.  Plaintiff seeks an injunction and damages.

Plaintiff filed complaints identical to this one against several other defendants in this district on the same date.  See PB&J Software, LLC v. Acronis, Inc., 4:12CV690 SNLJ;  PB&J Software, LLC v. Decho Corp., 4:12CV692 JAR; PB&J Software, LLC v. Evault, Inc., 4:12CV693 JAR.  In Judge Limbaugh's case, defendant Acronis filed a motion to dismiss or for more definite statement.[1]  Judge Limbaugh recently granted Acronis' motion to dismiss and gave plaintiff leave to file an amended complaint.  See  PB&J Software, LLC v. Acronis, Inc., 2012 WL 4372523, *7 (E.D. Mo. Sept. 25, 2012).  Defendant copied Acronis' motion wholesale in this case, and plaintiff filed the same opposition brief in this case (changing only the defendant's name) as it did in Judge Limbaugh's case.  Thus, the parties and the Court agree that the issues raised in the pending motion are the

---

[1]Acronis alternatively sought transfer of its case to Delaware, but defendant in this case has not moved for transfer.

same as those confronted by Judge Limbaugh. Because I agree with Judge Limbaugh's reasoning, I reach the same result here.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ .P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560 (2007). A plaintiff need not provide specific facts to support his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (internal quotation marks and citation omitted).

Where there is, as here, a sample complaint in the Appendix of Forms to the Federal Rules of Civil Procedure, "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84; see also In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1333–34 (Fed. Cir. 2012). Form 18 sets out a model complaint for patent infringement and requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

Id. at 1334 (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)). "[A] pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked." Bill of Lading, 681 F.3d at 1334 (internal quotation marks and citation omitted). "As the Supreme Court has noted, moreover, any changes to the Federal Rules of Civil Procedure must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." Id. Accordingly, in the event of a conflict between Twombly and the Forms, the Forms control. Id.

Defendant maintains that plaintiff failed to state a claim for direct infringement because it fails to identify the accused product. Here, plaintiff identifies infringing activities as including, but not limited to, "offering services and licensing software implementing what BackupAgent identifies as a 'seed loading.'" Defendant argues that plaintiff's pleading deprives defendant of any notice of plaintiff's claims because plaintiff fails to explain in what products, services, or documentation defendant allegedly identifies this "seed loading."

Defendant also contends that although plaintiff alleges that defendant has "identifie[d]" something as "seed loading," defendant should not be expected to "identify" any accused functionality. Plaintiff responds that the patent-in-suit generally relates to computer software for backing up computer data with a "seed" function, and it identifies the infringing software as BackupAgent software that incorporates the "seed" function. Plaintiff argues that its complaint provides more detail than required by Form 18. However, plaintiff does not attach or even describe the patent in its complaint, so it is unclear how the phrase "seed loading" even relates to the patent. Moreover, plaintiff has not defined how it applies the phrase to the patent technology or identified which products it accuses of infringement in this case. Plaintiff's complaint does not even explain the term "seed loading." Plaintiff's complaint is woefully deficient and does not, despite plaintiff's argument to the contrary, meet the requirements of Form 18 because it does not even describe the patent, the infringing device, or the connection between the two. However, plaintiff may be able to cure the deficiency through amendment, so the direct infringement claim will be dismissed with leave to amend.

"[T]here can be no inducement or contributory infringement without an underlying act of direct infringement." Bill of Lading, 681 F.3d at 1333 (internal

quotation marks and citation omitted). Unlike direct infringement, plaintiff's claims for indirect infringement are not governed by Form 18, but by the Iqbal and Twombly plausibility standard. Id. at 1337. Liability for contributory infringement arises "if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" Id. at 1337 (quoting 35 U.S.C. § 271(c) and citing Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005)). The Supreme Court requires plaintiff to plead enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 560. Here, plaintiff states only that defendant "is ... contributorily infringing ... at least one claim" of the patent. Although plaintiff pleads that defendant engages in infringing activities including "making, using, importing, selling and/or offering" certain infringing products and services, plaintiff fails to plead the elements of a contributory infringement claim. Plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." Bill of Lading, 681 F.3d at 1337. Here, plaintiff makes no effort to do so. Plaintiff also fails to plead any facts regarding how the infringing

"material or apparatus" is known by the defendant to be especially made or adopted for use in infringement of the patent. For these reasons, plaintiff's contributory infringement claim is deficient and must be dismissed with leave to amend.

Plaintiff's induced infringement claim is deficient for the same reasons. Liability for induced infringement under 35 U.S.C. § 271(b) "requires knowledge that the induced acts constitute patent infringement." Bill of Lading, 681 F.3d at 1339. The Federal Circuit requires that complaints for induced infringement "contain facts plausibly showing that [defendants] specifically intended [others] to infringe the [patent-in-suit] and knew that [others'] acts constituted infringement." Id. Plaintiff has not done so here, but I will grant leave to amend.

As for plaintiff's willful infringement claim, the law is unclear as to what is required to sufficiently state a claim. However, I agree with Judge Limbaugh that under any standard plaintiff's complaint is defective because it fails to "identif[y] the specific accused products" alleged to infringe on the Patent. Oracle Corp. v. DrugLogic, Inc., 807 F. Supp. 2d 885, 902 (N. D. Cal. 2011). However, plaintiff will be granted leave to attempt to cure these pleading deficiencies through amendment.

Because I am dismissing plaintiff's complaint with leave to amend, the

motion for a more definite statement will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#20-1] is granted, but plaintiff is granted leave to file an amended complaint in accordance with this Memorandum and Order within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that defendant's alternative motion for more definite statement [#20-2] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2012.